SECURITY STATE BANK OF CROSBY, NORTH DAKOTA, a Corporation, Appellant, v. EDWIN PETERSON, Respondent.

(192 N. W. 491.)

**Bills and notes — answer alleging lack of consideration in suit on promissory note held sufficient.**

1. Where an answer alleges that defendant received no consideration whatsoever for a promissory note, it is *held*, upon demurrer, to sufficiently aver an ultimate fact presenting an issue upon consideration.

**Bills and notes — answer alleging facts concerning fraud and misrepresentation and failure of consideration of note held sufficient.**

2. Where an answer has alleged facts concerning fraud and misrepresentation whereby no consideration existed in the making of a promissory note, it is *held*, upon demurrer, that a defense is asserted.

**Bills and notes — answer, in suit on note alleging agreement not to enforce payment, held sufficient.**

3. Where an answer has alleged an oral agreement not to enforce a note and not to hold the maker personally liable and, where such allegations, in connection with averments of fraud and misrepresentation, may establish a note of accommodation without consideration, it is *held*, for reasons stated in the opinion, that a defense is asserted.

Opinion filed February 27, 1923.  Rehearing denied March 13, 1923.

Bills and Notes, 8 C. J. § 1204 p. 916 n. 10, p. 918 n. 18; § 1216 p. 931 n. 63.

In District Court, Divide County, *Moellring,* J.

Action upon a promissory note.

Plaintiff has appealed from an order overruling a demurrer to three separate defenses alleged in the answer.

Affirmed.

*R. H. Points* and *Leighton & Brace,* for appellant.

The want or failure of consideration is an affirmative defense which must be pleaded expressly in code states and by statute in some other states, although at common law evidence thereof was admissible under the general issue. 8 C. J. 916; Sharpless v. Giffen, 47 Neb. 146, 66 N. W. 285; Welles v. Colorado Nat. Life Assur. Asso. 49 Colo. 508, 113 Pac. 524.

In defense to an action on a promissory note, it is not sufficient to plead in general terms want of consideration and that the note was obtained by fraud. The answer should set out the circumstances under which the note was given, and point out the facts which constitute the fraud. Gushes v. Leavitt, 5 Cal. 160.

It is a universal rule that facts not legal conclusions must be pleaded. The statement that a note was given without consideration is a mere conclusion. Sac County v. Hobbes, 72 Iowa, 69, 33 N. W. 368.

Ordinarily, fraud must be alleged not only specially but specifically. It is not sufficient to allege fraud in general terms, such an allegation being considered to be of a mere conclusion which the pleader is not permitted to draw, but which, so far as concerns the pleading, is a matter for the court to determine from the facts alleged. 12 R. C. L. 416; 8 C. J. 930.

"Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions. 12 R. C. L. 254."

As a rule, in order that false representations may be ground for an action of deceit for rescission of a contract entered into in reliance thereon, they must be such as are calculated to impose upon and deceive a person of ordinary prudence, and of such a character that a reasonably prudent person would have relied upon them. 12 R. C. L. 371; Peterson v. Hoffitzer, 35 S. D. 101, 150 N. W. 934; Pom. Eq. 3d ed. § 891; Pigott v. Graham, 48 Wash. 348, 93 Pac. 435; Mamlock v. Fairbanks,

46 Wis. 415, 1 N. W. 167; Bell v. Byerson, 11 Iowa, 233; Boulden
v. Stillwell (Md.) 60 Atl. 609; State Bank v. Gates, 114 Iowa, 323,
86 N. W. 311; Kiser v. Richardson, 91 Kan. 812, 139 Pac. 373, Ann.
Cas. 1915D, 539.

The rule as to written contracts not being subject to change by con-
temporaneous oral agreements is of such importance that it should not
be departed from unless such departure is brought within well-settled
exceptions to the rule. The right of parties to put their conclusions
into writing, and thereby avoid any question of veracity as to what
such conclusions were, is of the greatest public and private convenience.
The circumstances surrounding the case at bar did not warrant the
departure from the rule, and, for the reason that it was departed from
by the trial court, the judgment must be reversed, and the cause re-
manded, with instructions to enter judgment in favor of plaintiff in
accordance with the prayer of his complaint. Bryan v. Duff, 12 Wash.
233, 50 Am. St. Rep. 889, 40 Pac. 936.

"Parol evidence of a contemporaneous agreement that a note should
not be paid, in whole or in part, is not admissible." Middleton v. Grif-
fith, 57 N. J. L. 442, 51 Am. St. Rep. 617, 31 Atl. 405.

"The conditional delivery of a written instrument necessarily im-
plied that the delivery may become absolute and the contract obligatory
according to its terms, in case the condition precedent is performed or
broken." Schine v. Johnson, 92 Conn. 590, 4 A.L.R. 744, 103 Atl.
974.

Where a contract is full and complete as to all of the terms of the
contract, and the terms of such contract are plain and specific and set
forth fully the subject-matter of the contract, and such written contract
covers the subject-matter of the contract fully so as to be a complete
contract, oral testimony is inadmissible to show a prior parol agreement
entered into between the parties at or prior to the time of the execution
of the contract. Gilbert Mfg. Co. v. Bryan, 39 N. D. 13, 166 N. W.
805.

To the same effect see: 10 R. C. L. 1041; Stiles v. Vandewater, 48
N. J. L. 67, 4 Atl. 658; Specht v. Howard, 16 Wall. 546, 21 L. ed.
348; Cummings v. Kent, 44 Ohio St. 98, 58 Am. Rep. 799, 4 N. E.
713; Kulenkamp v. Groof, 71 Mich. 675, 1 L.R.A. 594, 40 N. W. 57;
Duleny v. Burke, 2 Idaho, 619, 23 Pac. 916; 22 C. J. 1148, § 1540.

The rule, in regard to inconsistent defenses, is that defenses are not inconsistent when they may all be true, that they are only inconsistent when some of them must necessarily be false, if others of them are true; in such a case they cannot be united.   McDonald v. Mfg. Co. 17 Or. 633, 21 Pac. 886; Susznik v. Alger Logging Co. 76 Or. 189, 147 Pac. 992, Ann. Cas. 1917C, 700; Johnson v. Butte Co. 41 Mont. 158, 48 L.R.A.(N.S.) 938, 108 Pac. 1056.

*Braatelien & McIlraith,* for respondent.

"The rule is firmly established that a complaint, when attacked by demurrer upon the ground that it fails to state facts sufficient to constitute a cause of action, will be liberally construed in favor of such pleading, and the same will be upheld when it contains allegations of fact sufficient *to reasonably and fairly apprise the defendant of the nature of the claim against him.*"   Weber v. Lewis, 19 N. D. 476.

"Whether such evidence is admissible under the general issue or the general denial of code pleadings is a question upon which the courts are not entirely harmonious.   There is some authority for the proposition that it must be specially pleaded, but the better rule appears to be that of permitting the evidence to be introduced although the defense is not specially pleaded.   Allegations in this respect should meet with a liberal interpretation, and it seems that an averment that the party received no consideration for the instrument is a sufficient plea."   3 R. C. L. 925, § 121.

"The mere general averment of want of consideration, without stating the facts, is sufficient (except for cases of failure of consideration)."   2 Bates, Pl. & Pr., p. 1289.

"A general averment is sufficient in pleading want of consideration, without alleging or stating the facts.   It is to be observed, however, that even in jurisdictions which adhere to the general rule, its effect may be defeated in a particular case by a qualification of the general averment."   Zebold v. Hurst, L.R.A.1917F, 580.

The burden of proof upon the whole of the evidence is upon the plaintiff to prove that the note in question was given for a good consideration. 8 C. J. 997; 2 Horwitz's Jones, Ev. § 179 (177); Security State Bank v. Krach, 36 N. D. 114.

"The general rule that an instrument absolute on its face cannot be shown by parol to be conditional, though not without exceptions, is well

settled. But it is generally held that between the immediate parties and those taking with notice, it can be shown by parol that such an instrument was not to operate as a valid obligation until the happening of a certain event, since such evidence does not vary or alter the instrument, but tends merely to show that it never became a valid undertaking." Case note in 18 L.R.A. (N.S.) 288.

The question of the inconsistency of defenses cannot be raised by demurrer—a demurrer only questions the legal sufficiency of the allegations of the pleading. 8 N. D. 111, 77 N. W. 281.

"It is a universal rule that a demurrer is an admission of the truth of all facts properly averred in the pleading demurred to, and the rule sometimes prevails that where several grounds of defense are inconsistent the defect cannot be taken advantage of by demurrer, the method being to compel the party to elect on which of the inconsistent grounds he will rely."

Inconsistent defenses may be pleaded in the same answer. 21 R. C. L. 506, 513, 518.

## Statement.

Bronson, Ch. J. Plaintiff bank, in its complaint, has alleged the making of a promissory note by defendant to plaintiff. In an answer, defendant alleges, for a first defense, that he did not receive any consideration whatsoever for the promissory note; for a third defense, that the note was obtained by fraud and misrepresentation that it was necessary for plaintiff to secure such note from defendant before the plaintiff would extend credit to the United Consumers Stores Company in which defendant was interested; that defendant relied upon such false representations and thereby made the note; that, in fact, the loan to the Stores Company had been made several weeks prior to the time of the making of said defendant's note; that nothing was furnished by plaintiff in reliance upon defendant's note; that such note did not create any obligation at the time it was given or at any time and was wholly lacking in any consideration whatsoever; for a fourth defense, that the note was made upon the understanding that it was never to be effective or to be enforced; that plaintiff had previously made a loan of $18,000 to the Stores Company and represented to defendant that

such loan was an excess loan not permitted by law; that in order to satisfy the Bank Examiner and the law it was necessary to secure notes from individuals in an amount equal to and, to substitute for, such excessive loan, all for purposes of examination of the bank; that it was amply secured by other notes and security; that defendant relied upon these assurances and so executed the note; that such note was given for such special purposes only and its delivery was induced by fraud, deceit, and false representations for plaintiff's benefit; that, in addition to obtaining such note as an asset of the bank, plaintiff obtained such note partially to gain favor with, and secure the patronage of, the Stores Company which was then operating its store in a large mercantile business at Crosby, North Dakota; that such store had bank accounts and made extensive bank deposits at banks at Crosby, North Dakota, where plaintiff was engaged in the banking business, but such Stores Company had not, prior to the procurement of such note, extensive deposits with plaintiff bank; that, partly to secure such business and patronage of the Stores Company, plaintiff, conspiring with the Stores Company, through fraud, deceit, fraudulent concealment, and false pretenses as alleged, procured such note. The pleadings are not set forth in full; only the salient ultimate facts have been stated.

Plaintiff separately demurred to each of the three defenses upon the ground that each failed to state grounds sufficient to constitute a defense. It has appealed from an order overruling its demurrers.

Plaintiff contends that want of consideration must be specially pleaded as a defense in an action upon a promissory note and that the first defense is insufficient in that regard; concerning the third defense, it is maintained that the acts of fraud and deceit pleaded are insufficient, through lack of specific averment and of representations not within the knowledge of defendant, to constitute a defense; concerning the fourth defense, it is further contended that the alleged oral agreement for nonliability and nonenforcement expressly contradicts the terms of a valid written contract and therefore is invalid.

## Decision.

*First defense:* The rule of liberal construction applies to allegations admitted by a demurrer. In such case allegations of fact sufficient to

reasonably and fairly apprize the opposite party of the nature of the claim against him will be upheld. Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105. Under such circumstances the allegations that defendant received no consideration whatsoever for the note may be considered sufficient as an allegation of the ultimate fact that there was no consideration for such note. Grimes v. Ericson, 94 Minn. 461, 463, 103 N. W. 334. See McCarty v. Kepreta, 24 N. D. 400, 48 L.R.A.(N.S.) 65, 139 N. W. 992, Ann. Cas. 1915A, 834.

*Third defense*: This alleges fraud and deceit as well as lack of consideration. If it constitutes a defense upon any ground as alleged it will be upheld as such. Kautzman v. National Union F. Ins. Co. 48 N. D. 1229, 189 N. W. 325.

If, however, the fraud and deceit alleged are to be considered as forming the basis for the lack of consideration alleged we are nevertheless of the opinion that if the note was so secured, pursuant to the allegations made, without the extension of any credit or the parting by plaintiff with anything of value, a valid defense is asserted. See Collins v. Townsend, 58 Cal. 608, 616; 8 C. J. 930.

*Fourth defense*: It is unnecessary, to express any opinion upon the validity of the oral agreement concerning nonliability and nonenforcement in connection with the express written terms of the note and the obligations that would flow therefrom. Further, upon the question whether the oral agreement made to deceive the bank examiner, as alleged, constitutes a defense, we express no opinion. It is sufficient to state that otherwise a defense is asserted, if, through fraudulent representations and false pretenses the note was secured without any consideration whatsoever therefor and as a pure accommodation to the bank. See Kautzman v. National Union F. Ins. Co. supra.

The order of the trial court overruling the demurrer is affirmed.

CHRISTIANSON, JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.