[File No. 6526.]

MRS. CAROLINE JACOBSON, Appellant, v. STATE OF NORTH DAKOTA, Department of State Highways, Village of Alexander, North Dakota, and the County of McKenzie, a Municipal Corporation, Respondents.

(278 N. W. 652.)

260

Opinion filed March 16, 1938.

*Conmy & Conmy,* for appellant.

*Alvin C. Strutz,* Attorney General, *T. A. Thompson,* Assistant Attorney General, and *W. A. Jacobsen,* for respondents.

BURR, J. The plaintiff alleges that she is now and for some years past has been the owner of certain residence property in the village of Alexander in the county of McKenzie, which property is situated at the junction of Elk Street and Ohio Avenue; that the grade of said streets had been established and her residence was built in accordance with the grade; that "the defendants herein, without legal right or authority, and without any proceeding in Court or by village ordinance, or otherwise, and in violation of § 14 of the Constitution of the State of

North Dakota, tore up, rebuilt and reconstructed said Elk Street and Ohio Avenue as they pass in front of and to the side of plaintiff's property and greatly and materially changed the grade of said streets so that plaintiff's property was greatly damaged, plaintiff's access to the streets destroyed, and greatly injured the value and usability of said property and greatly depreciated its value, all to her damage in the sum of Thirty-five Hundred ($3,500.00) Dollars."

The "State of North Dakota, Department of State Highways" de· murs to the complaint, claiming:

"That the Court has no jurisdiction of the person of this defendant for the reason that the laws of the State of North Dakota provide for no such action as set forth in plaintiff's complaint against the State, and § 22 of the State Constitution, among other things, provides: 'Suits may be brought against the State in such manner, in such courts, and in such cases as the legislative assembly, may, by law direct.'

"That said complaint does not state facts sufficient to constitute a complaint of action against the State of North Dakota, Department of State Highways."

The demurrers of the village of Alexander and of the county of McKenzie are identical and set forth:

(1) "That the court has no jurisdiction of the subject of the action.

(2) "That the Plaintiff has no legal capacity to sue.

(3) "That there is a defect of the parties defendant.

(4) "That the Complaint does not state facts sufficient to constitute a cause of action."

The court sustained the demurrers and the plaintiff appeals.

There is no merit in the contention of the State of North Dakota, Department of State Highways, "That the Court has no jurisdiction of the person of this defendant. . . ."

"The Constitution guarantees to a private party just compensation for damage to his property resulting from public use. . . . and as in this case when the public work is completed without any attempt to ascertain the damage, the obligation to compensate for the damage occasioned by such work is not terminated by its completion. Since the Constitution guarantees the right to compensation this obligation is in effect an implied contract on the part of the State to compensate for the damage which it has caused. The State has consented to be

sued in cases 'arising upon contract' (§ 8175, Comp. Laws 1913) which include implied as well as express contracts.

"Where the State or an agency thereof acting in a sovereign capacity takes or damages private property for public use without legal exercise of the power of eminent domain, the aggrieved party may recover compensation for the property thus taken or compensation for the damage to his property thus inflicted." Mayer v. Studer & M. Co. 66 N. D. 190, 194, 262 N. W. 925, 926.

That a change in grade may damage property and destroy access to the streets is too clear for argument. This is the charge in the complaint. The demurrer assumes the truth of all issuable, material facts well pleaded; (Englund v. Townley, 43 N. D. 118, 122, 174 N. W. 755) and allegations admitted by a demurrer are to be construed liberally. Security State Bank v. Peterson, 49 N. D. 585, 590, 192 N. W. 491.

Plaintiff does not claim the defendants had no right to change the grade. When they did so the result can not be said to be a trespass, even though injury is done to the property. It becomes, if anything, a taking or appropriation of property for public use, and the State or a municipality, in taking private property for public use, acts in its sovereign capacity, and not as a trespasser. What is recovered is "compensation," which presupposes a contract, expressed or implied. It is not damages in the strict sense of the word. See Schilling v. Carl Twp. 60 N. D. 480, 489, 491, 235 N. W. 126, 129, 131.

This demurrant urges that for the courts to pass on the question involved, or as expressed in the argument, to allow "damages in this sort of case would clearly be an encroachment by the court on the legislative power of the state. If a judgment were rendered in plaintiff's favor awarding certain damages to the plaintiff, a judgment would in no manner be binding on the legislature."

There is no merit in this contention. The judicial power is in the courts, and the provision of § 14 of the Constitution that "Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner" is binding on the State and its agencies the same as on private persons. When it is shown that private property has been so "taken

or damaged," it becomes a matter for the courts to determine. Questions of law and fact involved in claims against the State are referred to the judiciary for settlement. Ford Motor Co. v. State, 59 N. D. 792, 231 N. W. 883, 884. Methods of collection may vary in accordance with the defendant affected; but the matter involved is one for the courts to decide.

The complaint is brief, but is shows that private property-access to the street—was taken and destroyed and that the value and usability of her property has been greatly depreciated; that this was done without just compensation being first paid therefor and no payment has ever been made. It also shows that all of the defendants participated in the taking of this property. Whether these allegations can be proved is beside the point and cannot be determined on demurrer.

The grounds for the demurrers of the county and of the village, other than that the complaint does not state facts sufficient to constitute a cause of action, need little comment. Of course, the court has jurisdiction of the subject of this action and the plaintiff, being the owner of the property, has the legal capacity to sue, so far as the complaint shows.

Just where there is a defect of the parties plaintiff has not been pointed out. Defect of parties, as a ground of demurrer, must appear on the face of the complaint. Comp. Laws, § 7442. The complaint must show that other parties should be joined. It is not enough to show too many have been united. Olson v. Shirley, 12 N. D. 106, 96 N. W. 297. No insufficiency has been pointed out. The demurrer should have been overruled, and it is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE and MORRIS, JJ., and MILLER, Dist. J., concur.

Mr. Justice SATHRE, being disqualified, did not participate, Hon. HARVEY J. MILLER, Judge of Sixth Judicial District, sitting in his stead.