[File No. 6723.]

HARRY STERN, Respondent, v. JOHN GRAY as Tax Commissioner for the State of North Dakota, Appellant.

(296 N. W. 419.)

Opinion filed February 11, 1941.

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *T. A. Thompson,* for appellant.

*Conmy & Conmy,* for respondent.

BURR, Ch. J. The issue arises on demurrer to the complaint. For the disposition of the issue, the demurrer admits the truth of all issu-

able, relevant, material facts well pleaded (Englund v. Townley, 43 N. D. 118, 122, 174 N. W. 755); and the allegations thereof are to be liberally construed. Security State Bank v. Peterson, 49 N. D. 585, 590, 192 N. W. 491, 492.

Plaintiff appealed to the district court from a holding of the tax commissioner, and in his complaint alleged: He is a resident of the state, "and has been for more than fifteen years last past engaged in the business of buying and selling corporate stocks and bonds;" in due time he filed his income tax report for 1938, and paid his tax as shown thereby; in his report he included an item of loss of $1,437.36 on the sale in 1938 of "bonds of the Canadian National Railroad, the Province of British Columbia, the Fidelity Fund Corporation, the Brush Terminal Company and Armour & Company," purchased in previous years, and claimed deduction of this loss from the income of the year; these bonds "sold by him at a loss during the year 1938 are not 'capital assets;' " the tax commissioner "has interpreted the words 'capital assets' as used in chapter 240 of the Laws of 1937 to include stocks and bonds such as were sold by this plaintiff at a loss during the year 1938;" the tax commissioner disallowed this claim of deduction and assessed an additional tax against him of $59.72, which he paid under protest on or about July 16, 1940; on or about August 8, 1940, he filed with the tax commissioner his application for revision, and a hearing was had thereon before the commissioner, who disallowed his application.

Attached to the complaint, and made a part thereof, is this statement of the tax commissioner:

"Please be advised that the State Income Tax Department, at a hearing held for Mr. Harry Stern with Mr. John Gray, Tax Commissioner and Mr. B. B. Conyne, Income Tax Deputy, disallows the protest of Mr. Conmy that the additional assessment of $59.72, paid under protest July 16, 1940, was an illegal assessment.

"The state of North Dakota Capital Loss Deduction Law as amended in the 1937 Session Laws reads as follows:

" 'Provided, however, that the aggregate amount which may be deducted in connection with losses incurred in connection with sale or exchange of capital assets shall not exceed the aggregate gains reported from the sale or exchange of capital assets in any year.'

"The Department holds that the law covers Mr. Stern's capital loss deduction and, therefore, disallows the protest of Mr. Conmy at the above hearing." (Mr. Conmy is counsel for the taxpayer.)

The only ground of demurrer argued is: "That the complaint does not state facts sufficient to constitute a cause of action." The trial court overruled the demurrer, and defendant appeals.

The income tax law, article 35 of the Political Code, as set forth in the Supp., being §§ 2346a1 to 2346a50 thereof, imposes an income tax "upon every resident of North Dakota" in accordance with schedules set forth therein. Section 2346a18 of the Supp. allowed the taxpayer, "In computing net income," to make certain deductions specified therein. This section was amended by § 4 of chapter 283, Sess. Laws 1931, which in turn was amended by § 2 of chapter 241, Sess. Laws 1937— the latter amendment being the law governing the situation involved.

Under the provisions of subd. 4, § 4, chap. 283, Sess. Laws 1931, the resident taxpayer, "In computing net income," was permitted to deduct losses actually sustained within the year and "not compensated by insurance or otherwise," etc.

Section 2 of chapter 241, Sess. Laws 1937, amended and re-enacted this subdivision as follows: "No losses shall be deducted from the fixed income of the taxpayer derived from salaries, wages, or taxable dividends, but losses actually sustained in the carrying on of any trade or business, sustained within the year and not compensated by insurance or otherwise, may be deducted. . . . In the case of a taxpayer other than a resident of the state, losses shall be allowed only as to transactions in real property or in tangible personal property having an actual situs in this state, and losses in connection with any business, trade, profession or occupation carried on in this state. Provided, however, that the aggregate amount which may be deducted in connection with losses incurred in connection with sale or exchange of capital assets shall not exceed the aggregate gains reported from the sale or exchange of capital assets in any year."

It is not claimed that any loss sustained by the taxpayer was "compensated by insurance or otherwise," but the complaint shows loss "actually sustained in the carrying on" of the taxpayer's business. The holding of the commissioner is based solely on the contention that the loss sustained was a loss in "capital assets," that it was only in a case

where the return showed gains such deductions are permissible, and even then the amount of the loss deductible could not exceed the amount of the gain shown, and no gain was shown.

On the argument, it was contended by defendant that this proviso set forth in chapter 241, Sess. Laws 1937, is a general provision, applicable to both resident and nonresident taxpayers; and that while the statute, neither in its original form nor by means of any of the amendments, defines the term "capital assets," this court should do so on the hearing of this demurrer.

The time to define the term, if it becomes the duty of this court so to do, will arrive when the issue involving "capital assets" arises. The complaint shows that the bonds involved were not capital assets. The demurrer admits the truth of this statement; and, therefore, it is not necessary for us to define the term now, nor determine whether that proviso applies to resident taxpayers or is confined solely to nonresident taxpayers. If such issue is to be raised by the defendant, it should be raised by answer. The complaint states a cause of action, and so the order of the trial court is affirmed.

MORRIS, CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.