**MEIER et, Appellees, v. FRANK MASHUDA COMPANY, INC., Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4820. Decided January 7, 1959.

Meade, Weygandt & Leonard, for appellees.
Amerman, Burt, Shadrach, McHenry & Jones, for appellant.

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment rendered on the verdict of a jury, in an action arising in the Court of Common Pleas of Summit County, Ohio.

Arthur F. Meier and his wife, herein called Meier, owned a small truck farm in Summit County, located on the east side of old state Route 21, about three-fourths of a mile north of its intersection with state Route 18. On this farm were a house and barn.

Frank Mashuda Company, Inc., herein called Mashuda, had a contract with the state of Ohio to construct a portion of the new, or relocated, state Route 21, which new road intersected the old Route 21 at a point west and slightly south of the Meier house.

In the course of that construction, certain grading, excavating, and laying of draintile, was undertaken west of old Route 21 and across from the Meier farm.

Meier said that the work done by Mashuda changed the flow of surface waters, by diverting them to the western edge of old Route 21, where, by reason of the filling of the ditch by Mashuda on that side of old Route 21, surface waters were, on April 24, 1957, diverted to the eastern side of the road and thence over the lands and into the barn of Meier, causing him great damage.

Mashuda admitted it made excavations in the course of its work of constructing the new Route 21, but denied that it changed the direction of the flow of water in that vicinity; denied that it changed the slope of lands there; and denied that it filled the ditch on the west side of old Route 21. Mashuda further denied that it was guilty of negligence in the premises, and that Meier was damaged to the extent they alleged.

Mashuda said that it was necessary, in the work being done, to install a large underground drainage pipe to drain the water from the construction project, which pipe was blocked by persons other than the employees of Mashuda prior to the rain of April 24, 1957.

As a further defense, Mashuda said that it engaged in the work of building the new road by reason of a contract with the state of Ohio; that it did its work without any negligence on its part, and strictly in accordance with the specifications; and that, if such work caused any overflow of water, such overflow was the result of the design of the highway, and was thus the act of the state of Ohio, for which Mashuda was acting merely as a contractor.

Meier, by way of reply, denied that anyone blocked the tile drain, and denied that Mashuda followed the specifications set out in the contract. Meier further alleged that Mashuda, by deviating from the contract specifications, caused the surface water to flow onto their property.

On a trial of the issues, the jury returned a verdict for Meier; and, from the judgment rendered thereon, Mashuda perfected its appeal to this court.

Mashuda sets out the following claims of error:

"1. Overruling defendant's motions for directed verdict and for

judgment notwithstanding the verdict by reason that the petition does not state a cause of action.

"2. Overruling defendant's motions for directed verdict and judgment notwithstanding the verdict for the reason that there was a failure to show negligence on the part of the defendant.

"3. Overruling defendant's motions for a directed verdict and for judgment notwithstanding the verdict for the reason that the evidence shows that the work performed by the defendant was strictly in accordance with the specifications of a contract between the defendant and the state of Ohio, which specifications were prepared by the state of Ohio.

"4. Overruling defendant's motion for a new trial for the reason that the verdict is against the manifest weight of the evidence.

"5. Error in the exclusion of evidence offered by the defendant.

"6. Errors in the general charge to the jury.

"7. Error in refusing to give charge Number 1 requested by the defendant before argument.

"8. Overruling of motion for new trial by reason of the misconduct of plaintiff."

The evidence is in great conflict, and so we must conclude, from the verdict and judgment, that on the disputed points the jury found that the story as told by Meier and their witnesses was true.

Counsel for Mashuda insisted in oral argument that the petition does not state a cause of action, and that it does not allege any actionable negligence on the part of Mashuda.

With this contention we do not agree, although certain portions of the petition could have more clearly set forth the issues.

Counsel for Mashuda also insist that there was a total lack of evidence with respect to the placing of a barricade over the inlet to the draintile by employees of Mashuda. Mr. Meier testified directly on this point, saying that the "'planking' * * * was put in there the last day they [Mashuda] worked on the job there."

Mr. Mashuda testified that the inlet, or southern end of the draintile, was constructed according to the specifications, and was to be left open so that surface water could be carried off by passing through the tile. Mr. Mashuda also said, as did his witnesses, that someone other than his employees closed that draintile.

The jury thus had a direct conflict of testimony, with reference to the closing of the draintile, which they resolved against Mashuda.

The water from this closed drain, and other surface waters coming from the west to the east, flowed into the ditch on the west side of old Route 21 until they came to a point where Mashuda had put large piles of earth, excavated from along the line of the draintile. This earth, deposited in January, 1957, was placed so close to the ditch on the western edge of old Route 21 that any reasonable person would realize that, over a period of several months, it would erode and wash into the ditch. The fact that it did fill the ditch, thus causing surface waters to flow across the road onto the land of Meier and into their barn, thus causing them damage, is unquestionably established by competent, credible evidence.

We do not find evidence to show that the specifications required Mashuda to place the excavated earth where it did place it. A reasonable person could easily foresee that, when placing excavated earth, at that time and place, adjacent to a road ditch, a condition would arise, after the frost was out of the ground and the spring rains had done their work, much of the earth would move into the ditch blocking passage of the surface waters that would naturally flow therein.

With this review, and the conclusions that must logically be drawn from the evidence, we determine that the trial judge was correct when he refused to give to the jury the instruction requested by counsel for Mashuda. With this review of the evidence, we must conclude that the verdict is not against the manifest weight of the evidence.

We next consider the question of immunity, if any, which attached to Mashuda by reason of its contract with the state of Ohio.

The general rule of law is that the immunity of a contractor performing a contract with a public body does not extend to one who is guilty of negligence in the performance of such contract.

The case of **Bluhm v. Blanck & Gararo, Inc., 62 Oh Ap 451**, is the only Ohio case cited to us as following the general rule of liability where the claimed negligence on the part of the contractor has intervened.

We subscribe to the pronouncement by the Supreme Court of Pennsylvania in the case of Valley Forge Gardens, Inc., v. James D. Morrissey, Inc., 385 Pa. 477, 123 A. 2d 888, at p. 890, which said:

"In every jurisdiction in this Country where the question has been passed upon (and that includes the Supreme Court of the United States, other Federal courts and courts of approximately half of the States), it has been uniformly held that in the absence of negligence or wilfully tortious conduct on the part of an independent contractor, he is not liable for injury to another's property which is caused by the performance of his contract with a governmental instrumentality in accordance with its plans and specifications."

See also: Ernst v. General Refractories Co., 202 Fed. 2d 485; H. H. Miller Construction Co. v. Collins, 269 Ky., 670, 108 S. W. 2d 663; Burton Construction Co. v. Carlson et al (Ark.), 280 S. W. 2d 408; Broadhurst et al v. Blythe Bros. Co. et al, 220 N. C. 464, 17 S. W. 2d 646; Engler v. Aldridge, 147 Kan. 43, 75 P. 2d 290, 69 A. L. R. 489 et seq.

In the installation of the 33-inch drain, Mashuda dug two pits near a catch basin that was included in the contract. The earth from these pits was thrown to the east, or near the ditch along the west of old Route 21. The purpose, as stated by Mr. Victor Mashuda, the general superintendent of Mashuda, was to prevent water from coming onto old Route 21 from the contruction area. He also stated that the same purpose would have been effected if this earth had been thrown to the west of the pits.

One of the results of placing this earth on the east side of the pits, as shown both by testimony and exhibits, was to make it possible for the earth to erode and wash into, and thus block, the drainage ditch on the west side of old Route 21. It does not take one with a skill in road construction to foresee the result of such conduct. Mashuda had

a duty devolving upon it to see that the ditch on old Route 21 was kept open and free from the loose earth it piled on the edge of such drain. It did not fulfill such duty, and injury was sustained by Meier as a result thereof.

The jury could properly determine that such conduct constituted negligence on the part of Mashuda, and that such negligence proximately caused the injury to Meier. In such a situation, Mashuda was not entitled, as a matter of law, to the immunity it seeks herein.

Meier claimed in their petition that "vast quantities of topsoil" were washed away as a result of the flow of water onto his premises; and he testified that some topsoil was lost because of the water coming onto his land. The trial judge did not, in his main instruction to the jury, comment on topsoil specifically; but, at the conclusion of the charge, he was asked to comment on the fact that there should be no speculation as to damages. In the course of the additional charge on this subject, the trial judge, in effect, permitted the jury to speculate on the value of topsoil that was lost to Meier. He did, however, say that they were to be bound by the evidence with respect to damages.

There were no interrogatories submitted to the jury. The verdict was a general verdict in the amount of $2,500, while the prayer of the petition asked for $10,000. We are thus unable to say that any award was given for the loss of topsoil. When we look at the entire situation herein, we cannot say that the instruction concerning the topsoil was prejudicial to the substantial rights of Mashuda.

In the case of **Ohio Farmers Insurance Co. v. Cochran, 104 Oh St 427,** the court said, with respect to an erroneous instruction: "Was the jury probably misled in a matter materially affecting the complaining party's substantial rights?"

In the case of **Eaton v. Askins, 95 Oh Ap 131,** the court said:

"2. To justify a reversal of a judgment of a trial court, on the ground of a claimed erroneous charge to the jury. It is not sufficient to show that it was **possible** that the jury may have been misled thereby, but rather that the jury was **probably** misled in a matter materially affecting the complaining party's substantive rights."

In the case of **Hass et al, v. Kundtz, 94 Oh St 238,** the court said:

"2. Where an instruction which is open to criticism has been given by a trial court to a jury and the record discloses that the instruction could not have resulted in prejudice to the complaining party, it is error for a reviewing court to reverse the judgment of the trial court upon that ground."

See also: **Parker v. Friendt, 99 Oh Ap 329.**

The authorities cited in **4 O. Jur. 2d, Appellate Review, Sec. 986,** sustain the view we here adopt in the instant case.

We have examined all of the claimed errors, and, upon the entire record, we do not find error which affects the substantial rights of the appellant, Mashuda. In our opinion, substantial justice has been done, and the judgment should be affirmed.

Judgment affirmed.

DOYLE and STEVENS, JJ, concur.