**38349. MADDEN** *et al.* **v. FULTON COUNTY.**

DECIDED JUNE 30, 1960.

*Robert H. Jones, Grady E. Rozar,* for plaintiffs in error.
*Harold Sheats, Griffin Patrick, Paul H. Anderson,* contra.

BELL, Judge. The petition of the plaintiffs in error reduced to its basic element shows their contention to be that the defendant county, acting in concert with the City of Atlanta and the State Highway Department, has deprived them of the use and enjoyment of their property without just compensation being first paid in violation of the State Constitution, *Code Ann.* § 2-301. The sole act which is alleged to have produced this result is that an official of a governmental agency refused to issue to a customer of the petitioners a house number, or a building permit, for the construction of a house on part of their land. This refusal is alleged to have been shown by a letter from this official, which letter was attached to the petition as Exhibit C. This letter, Exhibit C, sets forth this denial as follows: "The plans for the Circumferential Highway, on file in the office of the Chief of Construction, indicates that the property located on Delmar Lane, upon which you propose to erect a residential structure, lies within the right-of-way of this highway. This office cannot issue a house number for a structure on this property since this location lies within the proposed right-of-way, and because a house number is tantamount to a building permit."

This letter, constituting as it does the entire Exhibit C, was signed by one Wyont B. Bean, Planning Engineer. The only identification of the authority or agency appearing on the exhibit is "Joint Planning Board" and the address is given as 700 City Hall, Atlanta 3, Georgia. Nowhere in the petition is there any allegation that the Joint Planning Board is an agency of Fulton County; there is nothing on its face to indicate it is; nor is it alleged that the signer of the letter, Wyont B. Bean, Planning Engineer, is an official or an employee of the county. Furthermore, in Exhibit A and in Exhibit B to the original petition, each of which remains unamended, it is categorically stated that "The records of the City of Atlanta, as evidenced by a letter dated February 25, 1959, shows that no building permit will issue for the property due to the highway . . ." Therefore, construing the petition most strongly against the pleader, as we must on general demurrer (*Lee v. Malone*, 55 Ga. App. 821, 191 S. E. 494), we have no alternative other

than to conclude that the alleged act of which petitioners complain was done by the City of Atlanta and not by the only named defendant here, Fulton County. It is apparent, then, that the general demurrer to the petition was properly sustained by the trial court unless the county is held to be answerable under the principles of tort law of vicarious liability, or of acting in concert with an alleged tortfeasor, or is held to be answerable under the theory in tort which recognizes in certain situations that those engaged in a joint enterprise may be held to be liable.

Assuming, then, merely for the purpose of illustration, *but not here deciding by implication or otherwise,* that such action objected to by the petition would constitute a taking within the constitutional prohibition, it is the opinion of this court under the facts alleged that it would be an undue extension of the principle of vicarious liability in the field of tort law to hold the county, the only named defendant herein, severally liable for the refusal of the City of Atlanta to grant to an applicant a street number or a building permit. The courts may, and this court does, take judicial cognizance that these governmental units are separately created and possess divergent powers. Accordingly, it is held that the unilateral action of one may not be construed as imposing liability upon the other even though the action taken by the one may be under a statute authorizing a cooperative effort. While Ga. L. 1955, p. 559 authorizes the cooperation of counties and municipal corporations with the State Highway Department for the purpose of establishing limited-access highways, there is nothing in this statute or in the law generally which expressly or by implication makes one of the cooperating governmental entities liable for the unilateral tortious acts of another cooperating governmental entity in a project of this type.

The petition broadly read merely attempts to assert that there exists a plan of cooperation between the State Highway Department, the City of Atlanta, and the County of Fulton for the construction of the proposed highway route. This is insufficient to state a cause of action against the county.

While we recognize the principle in the law of torts that per-

sons acting in concert under certain situations may be liable for the acts of others, and this even in the absence of a principal-agent or other vicarious liability situation, this principle is not applicable to the instant case.. In this connection the Restatement of Law of Torts discloses the following: "For harm resulting to a third person from the tortious conduct of another, a person is liable if he (a) orders or induces such conduct, knowing of the conditions under which the act is done or intending the consequences which ensue, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." Restatement, Torts, § 876 (1939).

Comments (b) and (c) under this section require substantial aid, or participation in the act, or encouragement, or substantial assistance to be found, and such action must be a substantial factor in the resulting tort by a third person tortfeasor which injured the plaintiff. If the participation is slight, there is no liability. Here, obviously, there does not appear to be any such substantial assistance allegedly rendered by the county to the city in denying the plaintiffs the alleged right which might cause the county to become liable under this principle. Furthermore, there are not sufficient allegations in the petition to show any "acting in concert" so as to make this principle applicable to the case at hand.

Neither would the principle of liability for those engaged in a joint enterprise be applicable to the instant case. In a joint enterprise, for the purpose of the imposition of tort liability upon one participant for the acts of another resulting in tortious injury to third persons in carrying out the joint enterprise, there must be found an equal and mutual right of control in the management or operation of the enterprise. Nowhere in the petition do such mutual rights of control appear. This joint enterprise concept, in any event, has been largely restricted by the American courts to commercial or business purposes and to automobile liability cases. See Prosser, Torts, § 65 (2d ed. 1955), et seq.

In view of the opinion here expressed, it is not necessary to decide, and no decision is reached on the contention that the denial of a street number or a building permit by a municipality constitutes a taking of property without just and adequate compensation of the plaintiffs' property in violation of *Code Ann.* § 2-301 of the Constitution of the State of Georgia.

The trial court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*