John M. WILSON and Margaret T. Wilson, Plaintiffs, Respondents, and Cross-Appellants,

v.

The CITY OF FARGO, Defendant and Cross-Respondent,

and

Schultz & Lindsay Construction Company, a Corporation, Sornsin Construction Co., a Corporation, William Collins & Sons, Inc., a Corporation, and Tennefos Construction Co., Inc., a Corporation, Defendants and Appellants.

No. 8242.

Supreme Court of North Dakota.

Nov. 30, 1965.

On Rehearing April 19, 1966.

Lanier, Knox & Shermoen, Fargo, for plaintiffs and cross-appellants.

Conmy, Conmy & Feste, Fargo, for defendant and cross-respondent City of Fargo.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendants and appellants Schultz & Lindsay Const. Co., Sornsin Const. Co., William Collins & Sons, Inc., and Tennefos Const. Co., Inc.

STRUTZ, Judge.

This is an action brought by the plaintiffs against the City of Fargo, a municipal corporation, and against four construction companies for alleged damages to the plaintiffs' property arising out of the building of a dike along the Red River to protect property owners along the river from annual flooding. Land necessary for the construction of such dike was acquired and paid for by the City. The Federal Government paid for construction of the dike, and entered into a contract with the four defendant contractors for the building of the dike according to plans and specifications prepared by Army engineers. The project was commenced in June of 1959 and completed in the fall of 1960. The equipment used by the defendant contractors was ordinary earth-moving machinery, and it is contended that the work was done according to plans and specifications. The defendants further contend that no complaint was made by the plaintiffs of the defendants' work during the course of construction, and that no claim for damages was made until some time after the work on the project had been completed.

The record discloses that the plaintiffs' property adjoined the construction project on the west. At the rear of the plaintiffs' home, and between the plaintiffs' home and the project, a retaining wall had been erected some years before. This wall was along the plaintiffs' property line and separated the plaintiffs' property from the area on which the project was constructed, the taking line for the project being within a few inches of the retaining wall. Since no part of the plaintiffs' property was taken, they were not reimbursed in any sum for the construction of the dike adjacent to their property.

The plaintiffs' complaint alleges that the defendant City of Fargo, through the acts of its agents, servants, and the defendant corporations, has taken and damaged the plaintiffs' property for a public use without just compensation, in violation of Section 14 of the Constitution of the State of North Dakota. Plaintiffs further allege that the defendant corporations did trespass on the plaintiffs' property, removing support for the plaintiffs' residence, and that they negligently operated their equipment on and adjacent to the plaintiffs' property, causing extensive damage to such property.

In its decision, the trial court held that the City of Fargo had participated in the construction only to the extent that the City had agreed with the United States of America to provide, without cost to the United States, all lands, easements, rights of way, and spoil-disposal areas necessary for the construction and the subsequent maintenance of the dike, and to save the United States free from damages due to such construction and maintenance. It further pointed out that, courts having uniformly held that there is no liability on the part of the United States for remote or consequential damages in the construction of public works, and no right on the part of a landowner for damages suffered, there could be no liability on the part of the City since there had been no liability proved against the United States. It therefore ordered the dismissal of the plaintiffs' complaint as against the City of Fargo.

In its decision, the court failed to find that the defendant contractors were negligent in the performance of the contract, but

did find that, under Section 14 of the North Dakota Constitution, which provides that no private property shall be taken "or damaged" for a public use without just compensation being paid, the defendant contractors are liable to the plaintiffs for consequential damages to their property arising out of the construction of this public project, even though there was no actual taking of the plaintiffs' land. The trial court found for the plaintiffs against the defendant construction companies and ordered judgment in the sum of $5,000.

The construction companies have appealed from the judgment entered against them, demanding trial de novo. The plaintiffs also filed a cross-appeal from the judgment in favor of the City of Fargo and have demanded trial de novo of all of the issues.

■ We first will consider the appeal of the defendant contractors. It is conceded that the dike constructed by the contractors was built under authority granted by the laws of the State of North Dakota and by laws enacted by the Congress of the United States. The trial court found that the defendant contractors are liable for damages under Section 14 of the North Dakota Constitution, providing that private property shall not be taken "or damaged" for public use without just compensation first being paid. It should be noted that Section 14 of the Constitution does not deal with damages resulting from the negligence of public corporations or their agents, but only with those damages that are the consequence of the exercise of the power of eminent domain. Hamilton v. City of Bismarck, 71 N.D. 321, 300 N.W. 631. Any damages resulting from such taking for public use, even though no part of the property damaged actually is taken, are to be assessed by the court or jury. Sec. 32–15–22(3), N.D.C.C.

■ Generally, courts have held that contractors employed to make public improvements authorized by statute, who perform the work with proper care and skill, are not liable for damages resulting to abutting property owners. Such contractors are liable only for negligence in the performance of their work. Meier v. Frank Mashuda Co. (Ohio App.), 168 N.E.2d 319; Daly v. Earl W. Baker & Co. (Okl.), 271 P.2d 1114; Hamilton v. Harkins, 146 Cal. App.2d 566, 304 P.2d 82; Anderson v. Fay Improvement Co., 134 Cal.App.2d 738, 286 P.2d 513; Alisal Sanitary District v. Kennedy, 180 Cal.App.2d 69, 4 Cal.Rptr. 379.

We believe this to be a sound rule. Thus, where the United States of America contracted for the construction of a dike according to plans and specifications prepared by the Army Corps of Engineers and the contractors performed their work with proper care and skill and in accordance with the plans and specifications submitted to them, such contractors are not liable for injury to adjacent property, if there is any. If such contractors should fail to follow the contract, plans, or specifications, or should perform their work in an improper, careless, or negligent manner and, as a result of their carelessness or negligence, injury should result to adjacent property, then the contractors would be responsible for any damages so resulting and the owner of the adjacent property so injured would have a cause of action against the contractors.

■ The trial court failed to find the defendant contractors guilty of any negligence in the performance of their contract in this case. Nor did the trial court find that the contractors had failed to perform according to plans and specifications. While we are not bound by the trial court's findings, we do give such findings appreciable weight. A thorough reading of the evidence fails to show facts which would compel a finding of negligence on the part of the contractors. There being no proof of negligence nor any evidence to show that the contractors failed to perform according to the plans and specifications, the judgment against the contractors must be reversed.

We next consider the cross-appeal of the plaintiffs from the judgment dismissing their complaint against the City of Fargo. The trial court held that, since there was no liability on the part of the United States of America to the plaintiffs, the courts of the United States having uniformly held that there is no liability for remote or consequential damages in the construction of public works, the City of Fargo would have no responsibility to the plaintiffs, either; that without any proved liability on the part of the United States, there could be no liability on the part of the City.

Under its agreement with the United States of America, the City was obligated to provide, without cost to the United States, all lands, easements, rights of way, and spoil-disposal areas necessary for the construction and subsequent maintenance of the dike, and to save the United States harmless from damages due to the construction or subsequent maintenance of such dike. The City had the power, under Section 14 of the North Dakota Constitution, to acquire such lands, easements, and rights of way. But, in so acquiring these rights, it first was required to pay just compensation for any property taken "or damaged" for such public use.

Counsel for the City contend, however, that if the United States is not liable for consequential damages, then the City of Fargo cannot be held liable, for the only obligation of the City under its agreement with the United States was to save the United States free from damages. Counsel further argue that consequential damages to property not taken in connection with municipal, State, or Federal flood-protection measures are *damnum absque injuria;* that is, it is a loss which does not give rise to an action for damages against the party causing it. It is further contended that this project was performed under the police powers of the State, and therefore the municipality is not liable for consequential damages.

■ While it is true that in the exercise of the police power of the State, in the protection of the health, safety, and morals of the people, uncompensated submission of property owners is exacted where such power is exercised to meet sudden emergencies such as fires or floods, where eminent domain is exercised in the State of North Dakota it is the constitutional right of the owner of property to be compensated, not only for the taking of his property but also for consequential damaging of his property. Sec. 14, N.D. Constitution. The framers of our State Constitution wanted to take care of any consequential damages which a property owner might suffer resulting from the exercise of the power of eminent domain. Therefore, they provided in Section 14 for compensation for damages suffered by a property owner not only from the taking of his property for public use but also for the damaging of such property in consequence of the taking. We cannot, therefore, agree with the contentions of the City of Fargo.

■ This court has held that, under Section 14 of the Constitution, private property cannot be taken "or damaged" for public use without just compensation, and has pointed out that this provision was intended to secure to the owners of property not only the possession of their property but to secure to them as well those rights which make their possession valuable. Donaldson v. The City of Bismarck, 71 N.D. 592, 3 N.W.2d 808.

In the Donaldson case, we had before us a question of compensation for alleged damages to an adjoining property owner because of noxious and offensive odors coming from the operation of a public dump near the plaintiff's property. It cannot be contended that the operation of such dump was not in the exercise of the police power of the city and that it was not for the protection of the public health. Yet this court held that, where a city establishes and operates a public dump near a private dwelling, with the result that the property of the

plaintiff is damaged by noxious and offensive odors from the dump, such property has, in fact, been "damaged" within the purview of Section 14 and the city is liable to the owner for such damage.

■ In the case before us, the City, in the exercise of its power of eminent domain, authorized and made possible the project, the construction of which damaged the plaintiffs' property. Such damage must be paid for by the municipality. The contractors, on the other hand, contracted for the performing of work according to plans and specifications, and, where the work was performed according to such plans and specifications with proper care and skill and without negligence, but where the work so done nevertheless results in consequential injury to adjacent property, the liability, if any, for the payment of damages must be upon the public corporation which authorized the project to be constructed, under its obligation to compensate for damages resulting from the exercise of power of eminent domain for a public purpose.

For reasons stated in this opinion, the judgment in favor of the plaintiffs against the defendant construction companies is reversed, and complaint against such companies is dismissed. The judgment in favor of the defendant City of Fargo, dismissing plaintiffs' complaint against the City, is reversed, and the case is remanded to the district court for proper determination of the damages to be awarded to the plaintiffs for the consequential damaging of their property resulting from the construction of the dike.

BURKE, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

TEIGEN, Judge.

TEIGEN, Judge (concurring in part and dissenting in part).

I concur in the holding of the majority reversing the judgment against the con-

tractors, but I dissent in the holding of the majority to the effect that the City is liable under Section 14 of the Constitution for consequential damages because of an improvement which it did not construct.

The majority cites Section 32–15–22(3), N.D.C.C., and construes it to allow damages resulting from a taking for public use, even though no part of the property damaged is actually taken. This I believe to be a misconstruction of the statute. The statute provides:

> "The jury, or court, or referee, if a jury is waived, must hear such legal testimony as may be offered by any of the parties to the proceedings and thereupon must ascertain and assess:
>
> *     *     *     *     *     *
>
> "3. If the property, though no part thereof is taken, will be damaged by the *construction* of the proposed improvement, the amount of such damages (Emphasis supplied.)
>
> *     *     *     *     *     *

This section allows damages if property not taken is damaged by the construction. It is not an element of damages for a taking. In defining this provision of the statute, we said in Little v. Burleigh County, N.D., 82 N.W.2d 603, at 608:

> "Paragraph 3 provides, in effect, for consequential damages, with reference to which the problem of differentiating between damage that is due and damage that is not due to the 'taking' chiefly arises, inasmuch as such damages are never due to the 'taking'. Instead, they always arise from injury to other property, though no part thereof is actually taken. Consequential damages, allowable under paragraph 3, arise from injuries to other property not actually taken, caused by the construction of the public improvement." See also King v. Stark County, 67 N.D. 260, 271 N.W. 771, cited in 29A C.J.S. Eminent Domain § 111, n. 49.

In the case before us no part of the plaintiffs' property was taken by the City and the City did not construct, supervise, engineer or pay for the dike that was built upon its property. The City, in fact, had no control of the project. The construction and all of the aspects surrounding it were in the control of the Federal Government and the Federal Government is not liable for remote or consequential damage in the construction of public works by it. The City contracted with the Federal Government to hold it harmless from damages due to the construction or subsequent maintenance of the dike. It assumed, by contract, such obligation only in the event that the Federal Government was liable. There being no liability on the part of the Federal Government for remote or consequential damage, the City did not, either by express or implied contract, assume such an obligation.

It is proper to take judicial notice that the City of Fargo and the Federal Government are separately created governmental units and possess divergent powers and, as such, are separate entities. For this reason unilateral action of one may not be construed as imposing liability upon the other, even though the action taken by each be under authorizing statutes permitting cooperative effort. Madden v. Fulton County, 102 Ga.App. 19, 115 S.E.2d 406.

This suit is brought upon the theory of implied contract to recover compensation. It is not for damages in the strict sense of the word. Schilling v. Carl Township, 60 N.D. 480, 235 N.W. 126; Jacobson v. State, 68 N.D. 259, 278 N.W. 652. Therefore, the law of torts that certain persons acting in concert under certain situations may be liable for the acts of others is not applicable. I do not believe it was the intent of the framers of the Constitution of North Dakota, or its people who adopted it, that the State, its departments, agencies, political subdivisions, or its municipalities should become liable in contract to compensate all persons who are damaged by a public improvement located upon its property where

the construction of such public improvement is not controlled by the sovereignty. Nor did the legislature so construe the constitutional provision when it passed Section 32–15–22(3), supra, which by clear language imposes a separate liability for the construction, if the construction damages property no part of which is taken. To hold otherwise would make the sovereignty liable for compensation to persons who suffer remote or consequential damage because of the construction of utility facilities—such as telephone, telegraph, street railway, railway, etc., upon the right of way of its streets and roads. I feel confident that such was not the intent and it is not the law.

On Rehearing.

STRUTZ, Judge.

The City of Fargo filed a petition for rehearing, contending that the decision of this court in which we held that where private property is damaged for a public use, although no part of the property is taken, the City, which acquires the land, easements, and rights of way for the construction of such public improvement, will be liable for any consequential damages resulting from such taking and improvement. A rehearing was granted and, on such rehearing, two points were argued by the City:

First, is the City liable for any damages where it acquires such property for public improvement to be constructed by the Federal Government, and where no part of the property claimed to be damaged was taken for such improvement; and

Second, if the City is liable, should the case be remanded to the district court for determination of damages?

We have considered these questions raised by the City, and we believe that the City is liable for any damages where it acquires property for public improvement

even though such improvement is to be constructed by the Federal Government. Our Constitution provides that private property shall not be taken "or damaged" for a public use without just compensation. The City contends that, in this case, we have a Federal project and that Federal law authorizes the United States of America, through its Corps of Army Engineers, to construct a project of this kind if the needed lands are provided without cost to the United States. It points out that if the needed lands could not be obtained by the City by purchase, it became the duty of the Attorney General of the United States to acquire such lands by eminent domain proceedings, provided the City paid the cost of such acquisition and, further, paid the awards for lands so acquired.

We believe it is entirely immaterial that the United States has the authority to acquire the lands needed for this project by eminent domain. It must be conceded, we believe, that the project here under consideration was a public improvement and that the property taken was acquired for a public purpose, regardless of the method by which it was acquired. If the taking and the subsequent use of such property for a public purpose resulted in consequential damages, as herein defined, to neighboring property which was not taken, we believe such damage comes within the provisions of Section 14 of the North Dakota Constitution. Under the proceedings by which this property was to be acquired for public use, the City of Fargo was required to pay for its acquisition, whether such acquisition was by purchase or by the exercise of eminent domain conducted by the Federal Government.

This project was a public project for a public purpose. If the property of the plaintiffs, although not taken, was damaged thereby, the City, which under the terms of its agreement with the Federal Government was to pay for the acquisition of property for such public use, would be liable under Section 14 of our Constitution.

Thus, where the City acquires property for a public use and, as a consequence of such use, special damages are caused to adjoining property which is not taken, and the damages are such as are not sustained by the public or neighboring property owners generally, an action will lie against the City to recover such consequential damages. 29A C.J.S. Eminent Domain § 111, p. 450. Such property owner, in order to be entitled to recover, must establish that he has sustained special damages differing in kind and not merely in degree from those sustained by the public generally. Where the damage caused is common to all owners of property in the neighborhood, no recovery may be had. 18 Am.Jur., "Eminent Domain," Sec. 139, p. 765.

The City next contends that, since this case is here de novo, this court should assess damages, if any, to the plaintiffs under the record made in the trial of the case in the district court ,and that the case should not be remanded to the district court for determination of damages.

The case was tried and evidence of damage submitted on the theory that the contractors who performed the work were liable for any damages suffered by the plaintiffs. Since we hold that contractors who make public improvements authorized by law, and who perform their work with care and skill, are not liable for damages to abutting property owners for consequential damages, and that such contractors are liable only for damages due to their negligence in the performance of their work, the damages which can be proved against the City might not necessarily be the same as those which might be proved for damages which are due to negligence of the contractors. The City would be liable only for consequential damages, and the proof of such consequential damages must be clear, strong, and convincing. The measure of damages for consequential injuries to property in such case would be diminution in market value of the property. 29A C.J.S. Eminent Domain § 141, p. 597.

We therefore hold that this case should be remanded for proof of damages, if any, suffered by the plaintiffs when such damages are proved under the foregoing rule. The trial court must determine what damages, if any, have been done to the property of the plaintiffs, as determined by the diminution of its value for rental and sale purposes.

For reasons stated above, we adhere to our former opinion.

ERICKSTAD and KNUDSON, JJ., concur.

TEIGEN, Chief Justice.

I dissent for the reasons stated in my dissent to the original opinion.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.