# LILLIAN M. JOHNSON v. CITY OF GRANVILLE, a Municipal Corporation.

## (161 N. W. 721.)

Cities — sidewalk levels — building — raising to — cost of — action against city to recover — officers of city — grade established — ordinance — complaint — allegations — cause of action — failure to state.

1. A complaint in an action against a city to recover the cost of raising a building to conform to the level of a sidewalk fails to state a cause of action which merely alleges that the plaintiff built the sidewalk in obedience to a command of the officers of the city, but fails to allege that any grade had been established in the street or that any ordinance had been passed changing the natural surface and establishing a new grade, or that the defendant city had exercised any control over the raising of said building or the construction of the sidewalk, or had in any manner encroached upon, or by any physical act on its part damaged, the property of the plaintiff.

Grade of streets — city — changed by — no authority — except by ordinance — order issued thereon.

2. A city has no authority to change the grade of a street, except by ordinance, and an order issued by its officers which seeks to accomplish this purpose, and without the passage of such an ordinance, is an *ultra vires* act.

Officers — ultra vires acts of — city not liable.

3. A city is not liable for the *ultra vires* acts of its officers, nor for the indirect consequences of obedience to orders of its officers which are issued without authority.

Opinion filed February 28, 1917.

Appeal from the District Court of McHenry County, A. G. Burr, J.

Action to recover damages arising from an alleged change in the grade of a public street.

Judgment for defendant. Plaintiff appeals.

Affirmed.

*Charles D. Kelso,* for appellant.

It is apparent that the lower court sustained the demurrer upon the theory that there had been no lawful change in the grade of the streets and sidewalks, and that the acts of the officers of the city, in the absence of an ordinance duly passed and approved, were unauthorized, and

therefore the city was not liable in damages.    Comp. Laws 1913, § 3687.

The Constitution provides that private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner.   N. D. Const. § 114; Searle v. Lead, 10 S. D. 312, 39 L.R.A. 345, 73 N. W. 101; Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; Harmon v. Omaha, 17 Neb. 548, 52 Am. Rep. 420, 23 N. W. 503; Dickerson v. Oklahoma, 36 L.R.A.(N.S.) 1203, and note, 98 Ark. 206, 35 S. W. 863; Reardon v. San Francisco, 66 Cal. 492, 56 Am. Rep. 109, 6 Pac. 317; Eachus v. Los Angeles Consol. Electric R. Co. 103 Cal. 614, 42 Am. St. Rep. 149, 37 Pac. 750; Less v. Butte, 28 Mont. 27, 61 L.R.A. 601, 98 Am. St. Rep. 545, 72 Pac. 140; Bismarck Water Supply Co. v. Bismarck, 23 N. D. 352, 137 N. W. 34; Sallden v. Little Falls, 102 Minn. 358, 13 L.R.A.(N.S.) 790, 120 Am. St. Rep. 635, 113 N. W. 884.

This action is for damages for having built, under the orders and directions of the city officers, a sidewalk at a grade higher than the front of plaintiff's building, rendering it necessary to raise plaintiff's building to such grade or level, or abandon its use and occupancy. Comp. Laws 1913, §§ 3689, 3690.

The work of a public improvement, though performed illegally, is the act of the city, and the city must respond in damages,—the plaintiff's right to recover depending not upon the statute, but upon the constitutional right.   Wallenberg v. Minneapolis, 111 Minn. 471, 127 N. W. 422, 856, 20 Ann. Cas. 873; Stocking v. Lincoln, 93 Neb. 798, 46 L.R.A.(N.S.) 107, 142 N. W. 104; Omaha v. Flood, 57 Neb. 124, 77 N. W. 379; O'Brien v. Philadelphia, 150 Pa. 589, 30 Am. St. Rep. 832, 24 Atl. 1047.

"An act of the legislature, while entitled to great consideration, cannot abridge or control the provisions of the Constitution.   These provisions are not limited to a change of grade once established, but are general, and include all damages to private property for public use."   Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; Caldwell v. Nashua, 122 Iowa, 179, 97 N. W. 1000; Fuller v. Mt. Vernon, 171 N. Y. 247, 63 N. E. 964; Brown v. Sigourney, 164 Iowa, 184, 145 N. W. 478.

The authorities seem to hold that changing from the natural grade is a change. 28 Cyc. 1073; Bloomington v. Pollock, 141 Ill. 346, 31 N. E. 146; Bismarck Water Supply Co. v. Bismarck, 23 N. D. 352, 137 N. W. 34; Smith v. St. Joseph, 122 Mo. 643, 27 S. W. 344; Sallden v. Little Falls, 102 Minn. 358, 13 L.R.A.(N.S.) 790, 120 Am. St. Rep. 635, 113 N. W. 884; Wallenberg v. Minneapolis, 111 Minn. 471, 127 N. W. 422, 856, 20 Ann. Cas. 873; Chapman v. Staunton, 246 Ill. 394, 92 N. E. 905; Hemstead v. Salt Lake City, 32 Utah, 261, 90 Pac. 397; Felt v. Salt Lake City, 32 Utah, 275, 90 Pac. 402; Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; Less v. Butte, 28 Mont. 27, 61 L.R.A. 601, 98 Am. St. Rep. 545, 72 Pac. 140; Dickerson v. Oklahoma, 36 L.R.A.(N.S.) 1201, note; Brown v. Sigourney, 164 Iowa, 184, 145 N. W. 478.

*C. W. Hookway,* for respondent.

In order to entitle plaintiff to recover, there must have been some material change made in the grade from the natural grade. But appellant contends here "that this is not an action for damages by change of grade established by ordinance, but for damage resulting as the incidental change of grade by constructing the sidewalk at a higher level." The complaint fails to contain sufficient allegations of how or why, or in what manner, she has sustained damages. She takes the *ultra vires* acts of the officers too seriously. The city is not liable for such acts. Searle v. Lead, 10 S. D. 312, 39 L.R.A. 345, 73 N. W. 101; Vanderlip v. Grand Rapids, 73 Mich. 522, 3 L.R.A. 247, 16 Am. St. Rep. 597, 41 N. W. 677.

BRUCE, Ch. J. This is an appeal from an order sustaining a demurrer to the complaint and from the judgment entered thereon. The complaint alleges that the defendant ordered the construction of a sidewalk in front of the lot and building of the plaintiff, and "that by reason of the constructing of said sidewalk at a level above the grade of the front of the building above described and mentioned this plaintiff has been compelled to raise said building a height of approximately 15 or 18 inches, greatly injuring and damaging said building by wrenching apart the joints, partitions, and joists of said building, cracking and destroying the plaster in said building, and generally greatly weakening and damaging and injuring the whole of said building with-

out the fault of this plaintiff, damaging and injuring this plaintiff in the sum of five hundred and no-100 ($500) dollars; that this plaintiff, in order to so raise said building, was compelled to, and did, employ workmen for that purpose, and expended money for labor in effecting the raising of said building in the sum of three hundred and no-100 ($300) dollars, and that this plaintiff expended for material and lumber for the effecting of the raising of said building and the repair of said building the sum of two hundred and no-100 ($200) dollars.

"That by reason of. the damage to this plaintiff's building and the expenditure of money for labor and material in raising said building and repairing the same this plaintiff has been damaged in the sum of one thousand and no-100 ($1,000) dollars."

The demurrer alleges that the complaint fails to state a cause of action; that the plaintiff has failed to allege that the defendant ever had or established any grade; that plaintiff fails to allege that defendant exercised any control over the way and manner of repairing said building; that plaintiff fails to allege that the defendant enacted an ordinance changing the grade of said street so as to damage said property in any manner.

Defendant, in short, alleges that if the order of the public officials changed any established grade, it was an *ultra vires* order, and that when the plaintiff and appellant obeyed it, she did so unnecessarily.

It alleges that nowhere in the complaint is there any charge that the city moved any dirt or did any work or in any way obstructed the access to the lots in question or raised the streets in front of them.

The question then to be determined is whether a person is entitled to recover against a city the cost of raising a building to the level of a sidewalk which is ordered by the officers of the city to be constructed, and which he constructs in pursuance of such order, 18 inches above the former level of the street, there being no allegation in the complaint that a grade was ever established by the city or that the city itself, except in the issuing of the order mentioned by officials, ever, at any time, encroached upon the premises of the plaintiff or did any physical act which interfered with his property rights.

We are satisfied that he cannot, and that the demurrer was properly sustained. Even if, for the sake of argument, we take the position, and we express no opinion upon this question, that a natural surface

becomes the established grade by usage, and that such usage is alleged in the case at bar (see Blair v. Charleston, 43 W. Va. 62, 35 L.R.A. 852, 64 Am. St. Rep. 837, 26 S. E. 341; Harman v. Bluefield, 70 W. Va. 129, 73 S. E. 296; note in 36 L.R.A.(N.S.) 1196), it is nevertheless clear that the city had no authority to change that grade, except by ordinance. See Comp. Laws 1913, § 3687. It is admitted in the complaint that no such ordinance was ever adopted. If, therefore, the officers of defendant ordered the plaintiff to construct a sidewalk which was 18 inches above the old established grade and above the level of the building of the plaintiff, and such order amounted to a change in the grade of the street, it was *ultra vires* and absolutely void, and it is the established law that a city or village is not liable for damages caused by its officers while acting without authority. 37 Cyc. 241; Pinkerton v. Randolph, 200 Mass. 24, 85 N. E. 892. Much less is it liable for the consequential damages occasioned to a person by obedience to an invalid order made by such persons.

The judgment of the District Court is affirmed.