[File No. 6440.]

ELMER KING and Mrs. Anna King, Appellants, v. STARK COUNTY, a Municipal Corporation, State of North Dakota, and the State Highway Commission and Commissioner in and for the State of North Dakota, Respondents.

(271 N. W. 771.)

Opinion filed February 19, 1937.

*Jacobsen & Murray,* and *William Langer,* for appellants.

*P. O. Sathre,* Attorney General, and *Theodore Kellogg,* State's Attorney, for respondents.

Nuessle, J. This is an action in contract to recover compensation for property claimed to have been taken or damaged by the defendants for public use in the building and improvement of a highway.

The plaintiffs in their complaint allege that they are husband and wife; that the plaintiff Elmer King is the owner of certain lots in the city of Belfield that abut on the section line running north and south along the east boundary of the city; that the plaintiff Anna King is the owner of a quarter section of land lying east of said section line and directly across from the lots owned by Elmer King; that the whole premises on both sides of the section line are used and occupied by plaintiffs as a homestead; that their residence is on the property east of the section line owned by Anna King; that their barnyard and stock feeding establishment are on the property west of the section line owned by Elmer King; that the Heart River circles through the premises thus owned and occupied by the plaintiffs; that the section line in question intersects the Heart River on said premises; that the defendants in improving the highway erected an unreasonably high grade along the section line with unreasonably deep ditches on both

sides thereof, said grade being 12 feet high at its highest point and the ditches thereof being 10 feet deep; that by reason of the building and improvement of said grade and highway, said real property was taken and damaged, in that the lateral support thereof was removed; that the grade is so high and the ditches so deep that the plaintiffs are cut off from access to and from said highway, and are unable on that account to cross the highway from that portion of the premises owned by Anna King to that part thereof owned by Elmer King; that the Heart River was obstructed and the flow thereof through the said premises diverted; that by reason of all of these things their property was taken and damaged in the amount for which they claim a recovery; that under Section 14 of the Constitution of North Dakota the defendants could not take or damage such property for public use without just compensation; that plaintiffs' claims for damages were presented to the defendants and payment thereof refused; that prior to the commencement of this action the plaintiff, Elmer King, assigned an undivided half interest in and to his claim against the defendants to the plaintiff Anna King, and that in consideration of such assignment Anna King assigned an undivided half interest in and to her claim to the said Elmer King.

To this complaint the defendants demurred on the grounds that it failed to state facts sufficient to constitute a cause of action against the defendants or either of them; that it improperly joined in one action three separate causes of action, to wit: a cause of action for damages for separating the dwelling house from the barn and feed yards of the plaintiffs and preventing ingress and egress to and from the said premises from and to said highway, another for the removal of lateral support, and a third for obstructing and diverting the course of the Heart River and depriving the plaintiffs of the natural flow thereof; and that there was an improper joinder of parties plaintiff.

The defendants contended, and the trial court so held, that the complaint in fact set up three separate causes of action, to wit: one for damages for separating the dwelling house from the barn and feeding stables and preventing ingress and egress from and to the highway; another for the removal of lateral support; and a third for changing the course of the river and depriving the plaintiffs of the flow of the water thereof. And the trial court held that the facts

stated in the complaint as constituting the first of said causes of action were insufficient and sustained the demurrer to such cause of action, but otherwise overruled the demurrer.

The plaintiffs, complaining on account of this ruling of the trial court in so far as it was adverse to them, perfected the instant appeal. The defendants took no cross-appeal.

As we read the complaint the plaintiffs therein attempted to and did set out but one cause of action, to wit: for consequential damages on account of the improvement and building of the highway. It is true that in their complaint the plaintiffs set out the several manners in which they claim that such damages were caused, but this does not constitute a pleading of several causes of action. Boiled down, they allege the improvement and building of the highway and particularize as to the manners in which damage resulted from such building and improvement. What was said in Jones v. Grady, 62 N. D. 312, 243 N. W. 743, exactly fits the instant case. "A cause of action consists of those matters of fact out of which a party's right to relief arises. See Pomeroy, Code Rem. 5th ed. §§ 346, et seq. Measured by this rule, but one cause of action is set out in the complaint. The several statements therein are merely statements of different items of damage arising in the same cause of action." This being so the sufficiency of any one of the several claims of damage made by the plaintiffs cannot be challenged by demurrer. Unless all are bad the demurrer should be overruled. But inasmuch as on the trial of the case the propriety of the several claims of damage set out in the complaint may again be challenged, we deem it advisable now to consider and pass upon the contentions of the parties with respect thereto.

Section lines to a width of two rods on each side thereof were dedicated to the public as highways by act of Congress, and such grant was thereafter accepted by the territorial authorities. See Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544; Wenberg v. Gibbs Twp. 31 N. D. 46, 153 N. W. 440; Faxon v. Lallie Civil Twp. 36 N. D. 634, 163 N. W. 531; Huffman v. West Bay Twp. 47 N. D. 217, 182 N. W. 459. The public at once became vested with an absolute right to the use of the highways thus established over the public domain. Whoever thereafter took title from the general government took it

burdened with the easement thus created. Walcott Twp. v. Skauge, 6 N. D. 382, 71 N. W. 544, supra.

The defendants are clothed with power to determine when and where and how highways shall be improved. They had the absolute right to improve the highway in question; they could say what sort of improvements were necessary and their determination in this respect was conclusive and final. Generally, the rule is that where the state or its agencies in the exercise of the state's sovereign power do an act which they are authorized to do, the fact that incidentally injuries may accrue to an individual does not necessarily give that person a right of action. The private right must give way to the public right, and unless the law specifically gives the right of recovery then no recovery can be had. King v. Stark County, 66 N. D. 467, 226 N. W. 654. The plaintiffs concede this. But they here contend that under § 14 of the Constitution of the state of North Dakota providing that private property shall not be taken or damaged for public use without just compensation, they have a right of recovery and are entitled to compensation for any consequential damage that may have flowed from the acts of the defendants in building and improving the highway in question. The defendants contend that there was no taking of property and that under the rule above stated, since they were acting within the authority conferred upon them by the legislature in improving the road as they did, there can be no liability for consequential damages arising from the making of such improvement regardless of its nature.

The rule above stated and on which the defendants rely was the rule of the common law. Abstractly applied the rule was harsh and often times in its application great injury and injustice to individuals resulted. When the Fifth Amendment to the Constitution of the United States was adopted it was therein provided that private property could not be taken by the United States for public use without just compensation. And the earlier state constitutions likewise so provided. But this guarantee was too narrow. It insured compensation only in those cases where property was taken. The severity of the rule and the injustice resulting from its application were recognized. In England, by act of Parliament, compensation has been allowed

since 1845 for damage caused by the construction of public works. In this country a wide diversity in the holdings of the courts of the several jurisdictions arose as to the meaning of the terms "taken" and "damaged." See Eachus v. Los Angeles Consol. Electric R. Co. 103 Cal. 614, 37 P. 750, 42 Am. St. Rep. 149; Talcott Bros. v. Des Moines, 134 Iowa, 113, 109 N. W. 311, 12 L.R.A.(N.S.) 696 and note, 120 Am. St. Rep. 419; Rigney v. Chicago, 102 Ill. 64; Dickerman v. Duluth, 88 Minn. 288, 92 N. W. 1119; Stuhl v. Great Northern R. Co. 136 Minn. 158, 161 N. W. 501, L.R.A.1917D, 317; Gordon v. Ellenville & K. R. Co. 195 N. Y. 137, 88 N. E. 14, 47 L.R.A.(N.S.) 462, and note; O'Brien v. Philadelphia, 150 Pa. 589, 24 A. 1047, 30 Am. St. Rep. 832, and note; Searle v. Lead, 10 S. D. 312, 73 N. W. 101, 39 L.R.A. 345.

In 1870, the people of the state of Illinois amended their constitution so that it provided that property should not be taken or damaged for public use without just compensation. And when the Constitution of the state of North Dakota was adopted this provision was inserted therein as § 14. Its history has been traced and its effect somewhat considered by this court heretofore. See, in this regard, Martin v. Tyler, 4 N. D. 278, 60 N. W. 392, 25 L.R.A. 838; Donovan v. Allert, 11 N. D. 289, 91 N. W. 441, 58 L.R.A. 775, 95 Am. St. Rep. 720; Minot v. Olson, 42 N. D. 246, 173 N. W. 458; Schilling v. Carl Twp. 60 N. D. 480, 235 N. W. 126; Becker County Sand & G. Co. v. Wosick, 62 N. D. 740, 245 N. W. 454; Mayer v. Studer & M. Co. 66 N. D. 190, 262 N. W. 925. Nearly all of the state constitutions now contain this provision. See Lewis, Em. Dom. 3d ed. § 346, and note. Under it the courts have uniformly held that there is liability not only for property taken but also for consequential damages to property arising from the acts of the authorities in constructing public works. It is not necessary that there be a direct injury to the property itself in order to create this liability. It is sufficient to warrant a recovery if there be "some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property; in excess of that sustained by the public generally, . . ."

Rigney v. Chicago, 102 Ill. 64, supra; Mason City & Ft. D. R. Co. v. Wolf (C. C. A. 8th) 148 F. 961. And the diminution in value of property resulting from the acts complained of is special and peculiar within the meaning of the rule. See Lewis, Em. Dom. 3d ed. §§ 363 and 364, and the many authorities cited there.

But it does not necessarily follow, though the foregoing rule be applied, that the plaintiffs here are entitled to recover the consequential damages they claim to have suffered. The acts complained of were the building and improvement of the highway in a manner which plaintiffs allege to be unreasonable and unnecessary. This highway, thus built and improved, was on a section line which had been dedicated to the public for highway purposes. Of course if the easement thus granted were broad enough to include the right to do what was done without liability for resulting damages, the plaintiffs cannot recover, whether those damages resulted from the removal of lateral support to the plaintiffs' property, from depriving them unreasonably of ingress and egress from and to the highway, or for obstructing and diverting the course of the river so that they were deprived of the use of the waters thereof. We can see no reason for a distinction between damage caused by cutting off access to and from the highway and damage caused by the removal of lateral support, or by depriving the plaintiffs of the use of the waters of the river. The rights to all of these things were peculiar to the plaintiffs, and the deprivation thereof could not but lessen the value of the property to which they were appurtenant. There is no necessity in this case under our constitutional guarantee as set out in § 14, for drawing a distinction and defining the line between a "taking" and a "damage." The one justifies a recovery as much as the other. If, however, the right to such a recovery has been waived, or if compensation for the taking or the damage has been paid, then of course there can be no claim for compensation for the taking or for the damage. So, if here the grant of the easement for highway purposes was made in contemplation that all of the things that were done with the consequences entailed might be done, if they were foreseen and taken into consideration when the grant was made and accepted, then the plaintiffs cannot recover. So the question is wholly one of fact, that is, as to whether the right to

such a recovery was waived or otherwise determined at the time the easement was granted.

It seems to us that the rule to apply in such case is the rule of reasonableness. What reasonably was contemplated and intended when the grant was made? And in this respect there can be no difference whether the easement results from a dedication or whether it results from a voluntary sale and purchase or from a condemnation through the exercise of the right of eminent domain. In each case the question is one of fact. Where nothing to the contrary appears it must be presumed that compensation was taken or the right to compensation was waived for such damage, whatever its nature, as would result from the ordinary and reasonable use of the property in the manner contemplated and for the purpose for which the easement was dedicated or acquired. That is, for such a use in such a manner as was reasonably within the contemplation of the parties at the time. So if in the instant case the highway as built and improved was such as it can reasonably be said was or should have been anticipated and contemplated at the time the easement was granted, there can be no recovery. On the other hand, if it cannot reasonably be said that it was built and improved in a manner within the contemplation of the parties at the time of the grant, then, for the damage resulting from such building and improvement, the plaintiffs are entitled to a recovery.

The order sustaining the demurrer is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

CHRISTIANSON, Ch. J., and BURKE and MORRIS, JJ., concur.

BURR, J: I concur in the result. The demurrer should have been overruled.