Harris P. KENNER, Plaintiff and Respondent,

v.

CITY OF MINOT, Defendant and Appellant.

Rex OSTER and Marjorie Oster, Plaintiffs and Respondents,

v.

CITY OF MINOT, Defendant and Appellant.

Dwight MILLER and Lydia Miller, Plaintiffs and Respondents,

v.

CITY OF MINOT, Defendant and Appellant.

Arthur VANNATTER and Agnes Vannatter, Plaintiffs and Respondents,

v.

CITY OF MINOT, Defendant and Appellant.

Nos. 7830–7833.

Supreme Court of North Dakota.

Oct. 29, 1959.

McGee, Van Sickle & Schultz, Minot, for plaintiffs and respondents.

Bosard, McCutcheon & Coyne, Minot, for defendant and appellant.

STRUTZ, Judge.

This appeal involves four actions against the City of Minot by property owners for damages alleged to have resulted from a change in the natural and established grade of First Street, Southeast, north of Sixteenth Avenue, Southeast, in the city of Minot.

The plaintiffs Oster are the owners of the north 63 feet of the west 117 feet of Lot 6;

The plaintiff Kenner is the owner of the south 63 feet of the west 117 feet of Lot 6;

The plaintiffs Miller are the owners of the west half of the south half of Lot 7; and

The plaintiffs Vannatter are the owners of the north 63 feet of the west 135 feet of Lot 7; all such property being in Prospect Heights Addition to the City of Minot.

The properties of each of the various-named plaintiffs abut on the east side of First Street, Southeast, and lie contiguous to each other in the order last mentioned.

The right of way for First Street, Southeast, was dedicated for a public street and, until the paving of the street, was clay and gravel.

The east side of the street, in its natural condition, was lower than the west side and the street sloped toward the north. At the point on the street where the properties of the various plaintiffs abut on First Street, Southeast, the property line is approximately 1.8 feet lower than the point where the street abuts property on the west side of the street.

Sidewalks had been laid on both sides of First Street, Southeast, prior to the paving of the street, with the walks on the west side of the street being higher than the east walks because of the difference in the height of the natural terrain.

First Street, Southeast, as dedicated for street purposes, is 60 feet wide, each side of the street consisting of a one-foot space between the property line and the sidewalk; a sidewalk 5 feet wide; a boulevard 7½ feet wide; with a curb 6 inches wide. The width of the traveled portion of the street is 32 feet.

After the plaintiffs had improved their properties, the City paved the street in front thereof. Such paving project was designated as Special Assessment District No. 172. As a part of the paving project, the City put in driveways leading to each of the properties. Because of the slope from the street to the sidewalk, the plaintiffs could not use their driveways without some difficulty. The plaintiffs thereupon made complaint to the City and the driveways of all of the plaintiffs, except that of the plaintiffs Oster, were changed by "dishing" the sidewalk, thus lowering the high spot of the driveway and making it somewhat more accessible. The plaintiffs Oster declined to permit their sidewalk to be lowered in this fashion.

The plaintiffs commenced separate actions for damages against the City of Minot based on the following claims:

I. That the City changed the natural and established grade of the street, thus damaging the plaintiffs' property: (1) by making it difficult to enter from the street; (2) by making the street in front of the plaintiffs' properties unsafe for the plaintiffs to park; (3) by changing the normal flow from the street and subjecting the plaintiffs' properties to unnatural flow at times of thawing and surface runoff; (4) by requiring the plaintiffs to redesign and regrade their premises; and (5) by damaging the aesthetic appearance of the plaintiffs' properties.

II. That Section 14 of the North Dakota Constitution prohibits the taking *or*

*damaging* of private property for a public use without just compensation being made.

Plaintiffs' claims are based on the following allegations:

1. That the defendant City of Minot changed the natural and established grade level of the street in carrying out the curb, gutter, and paving improvements, making travel to and from the plaintiffs' properties to the street hazardous and difficult;

2. That defendant established one grade for the sidewalk area and that the plaintiffs, relying on the grade so established, constructed their homes and garages, and that the defendant thereafter altered the grade so established, all to the damage of plaintiffs; and

3. That defendant negligently constructed the curb, gutter, and paving improvements and that plaintiffs' properties were damaged by reason of defendant's negligence.

On this state of facts, the jury awarded the plaintiffs damages in various amounts in each of the cases under consideration.

The appeal by the defendant City of Minot presents the following issues:

1. Whether an established grade existed at the point where the plaintiffs' properties abut on the street prior to the paving of said street under project No. 172;

2. Whether there is liability on the part of the City in favor of abutting-property owners for damages caused by bringing a street down or up to a grade line for the first time it is established; and

3. Whether the plaintiffs are entitled to recover damages to their properties under Section 14 of the North Dakota Constitution which prohibits the taking *or damaging* of private property for public use.

The plaintiffs' first contention is that the defendant City of Minot changed the grade of the street in this case after it had been established. If that contention is sustained by the evidence, then the defendant City of Minot is clearly liable for any damages which the evidence shows the plaintiffs suffered by reason of such change of an established grade.

Under our North Dakota statutes, a grade of a street may be established in one of two ways: First, Section 40-3903 of the North Dakota Revised Code of 1943 provides:

"The governing body, by ordinance, may establish the grade of all streets, alleys, and sidewalks in the municipality as the convenience of its inhabitants may require. A record of the grades, together with a profile thereof, shall be kept in the office of the city engineer, or of the city auditor, if the city has no engineer, or of the village clerk, as the case may be. If the municipality changes the grade of any street after it has been established, it shall be liable to the abutting property owners for any damage they may sustain by reason of any permanent improvements made by them to conform to the grade as first established."

Second, a grade for streets may be established in the following manner, as provided by Section 40-2211 of the 1943 Revised Code:

"The plans, specifications, and estimates provided for under section 40-2210 shall be approved by a resolution of the governing body of the municipality. If the plans and specifications include the establishment of the grade of a street and such grade has not been established previously by ordinance, the resolution approving the plans, specifications, and estimates shall constitute an establishment of the grade."

Was there a grade established for First Street, Southeast, prior to the improvement of the property by the plaintiffs, and did the plaintiffs, as abutting-property owners, sustain any damages by reason of any permanent improvements which had been made by them to conform to the grade as first established?

The provisions of our statute making a municipality liable for damages caused by a change of an *established* grade are in conformity with the general rule. McQuillin on Municipal Corporations, 3d Ed., Vol. 13, Sec. 37.220, provides that a change of grade renders a municipality liable for damages resulting therefrom to an abutting-property owner whose property has been improved in reliance on a former legally established grade.

The State of Oklahoma has a statute which provides that the mayor and city council of a municipality have the power to establish grades for a street. While the statute is not worded the same as the North Dakota statute, its effect is very similar. Under that statute, the Oklahoma Supreme Court has held that when a city changes a previously established grade of a street, it is liable for consequential damages if the plaintiffs have improved their property in accordance with a previously established grade and damage results from such change. Mangum v. Todd, 42 Okl. 343, 141 P. 266, L.R.A.1915A, 382.

The Supreme Court of the State of Iowa has held that owners of property abutting on a street who make improvements with reference to the established grade of the street are entitled to damages for injuries to their property resulting from a change of such established grade. Liddick v. City of Council Bluffs, 232 Iowa 197, 5 N.W.2d 361.

However, such liability on the part of a municipality exists only where improvements have been made with reference to a grade actually established and the damages complained of result from a change of such established grade. Sec. 40–3903, N.D. R.C. 1943.

Let us turn to the record to determine whether there had been a grade for such street previously established. If so, and if plaintiffs made improvements thereafter, relying on such established grade, and the City, after the making of such improvements by plaintiffs, changed the grade and by such subsequent change caused damage to the plaintiffs as abutting-property owners, the plaintiffs clearly are entitled to recover damages from the defendant if any have been proved.

The director of public works for the City of Minot, Vernon Fahy, who has charge of the maintenance of public streets, testified that there had never been a grade established for First Street, Southeast, prior to the adoption of the resolution approving the paving project.

The record in this case does not disclose that any ordinance was ever passed fixing a grade for First Street, Southeast, prior to the improvement of the property by the plaintiffs.

■ The plaintiffs, however, argue that the grade of the street had been established by use of its natural surface and maintenance of the street at its natural grade. It is undisputed that the street had been graveled and was being used as a thoroughfare, but there is no evidence showing the adoption of an ordinance establishing the grade for the street or approval of plans and specifications which included establishment of a grade for the street, by resolution. Mere use and maintenance of a street at its natural grade, without municipal action adopting a grade level, is not sufficient to establish a grade. Reinhart v. City of Concordia, 152 Kan. 473, 105 P.2d 897.

■ We believe that, as a prerequisite to municipal liability for damage to the plaintiffs as abutting-property owners for change of street grade, it was essential that the damages complained of be shown to have resulted from a change of an established grade. There is no evidence that any grade for First Street, Southeast, in the city of Minot had been established prior to the improvement of their properties by the plaintiffs.

■ Plaintiffs argue that the grade for the street had been established by the laying of sidewalks in front of plaintiffs' proper-

ties. The establishment or change of grade for a sidewalk does not establish the grade for the street. The city has no authority to establish the grade for a street except as provided by statute. Johnson v. City of Granville, 36 N.D. 91, 161 N.W. 721.

Plaintiffs contend that the grade of the street was established by the ordinance adopting and approving plans, specifications, and estimates for Special Assessment District No. 172, and that the grade level as finally established by the grading and paving of First Street, Southeast, did not conform to such plans, specifications, and estimates. If the grade level on First Street, Southeast, was established for the first time by the adoption and approval of plans, specifications, and estimates for Special Assessment District No. 172, then the City would not be liable for any damages caused by change of such street level because the liability of the City, under Section 40–3903, is limited to any damage suffered by the abutting-property owners caused "by reason of any permanent improvements made by them to conform to the grade as first established." If the grade was first established by the adoption of the resolution approving the plans, specifications, and estimates for Special Assessment District No. 172, the plaintiffs suffered no damage by reason of permanent improvements made to conform to such grade thus established because the permanent improvements made by the plaintiffs had been made long before the adoption of the resolution approving the plans and specifications for Special Assessment District No. 172.

■ We therefore conclude that the plaintiffs have failed to prove that there had been any grade established for First Street, Southeast, as provided by law, prior to the time the plaintiffs improved their properties, and that therefore no liability exists by reason of damage to permanent improvements made by plaintiffs to conform to the grade as first established, and the subsequent change of such established grade.

Whether the plans and specifications approved by resolution of the governing board included establishment of the grade for First Street, Southeast, would be immaterial, since plaintiffs' alleged damages were not the result of damage to permanent improvements made by the plaintiffs to conform to the grade so established.

A further question is presented by the plaintiffs' contention that they are entitled to recover damages to their properties by reason of the carrying out of Special Assessment District No. 172, under Section 14 of the Constitution, which prohibits the taking or damaging of private property for public purposes.

Section 14 of the Constitution reads in part as follows:

"Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner * * *."

Are the plaintiffs entitled to damages under this provision, regardless of whether a grade had been established for the street on which plaintiffs' property abutted, since there had been no grade established as provided by law prior to the construction of project No. 172? In other words, is the City liable to the plaintiffs for damages caused by the original establishment of a street grade and by bringing the surface of the street to such established line where plaintiffs improved their properties prior to the legal establishment of a street grade?

The power to improve streets for public use exists in the Legislative Assembly, and has been conferred by the Legislature upon cities. Among the powers granted to municipalities by the Legislative Assembly is the power to:

"lay out, establish, open, alter, repair, clean, widen, vacate, grade, pave, park, or otherwise improve and regulate the use of streets, alleys, avenues, sidewalks, crossings, and public grounds;

\* \* \*" See Subsection 8 of Section 40–0501, N.D.R.C. 1943, as amended.

When the owner of property within the city limits dedicates a portion of his property for street purposes, he consents that the public authorities may determine the grade for such street for the convenience of the public. He knows, and is presumed to have consented by such dedication of a part of his land for street purposes, that hills on such street will be leveled and cut down. He further is presumed to have consented that valleys and low spots on the street will be filled and leveled, which in some instances will result in causing the street to be higher or lower than the abutting property. The right to so improve the street for public purposes is included in his dedication of a street. Where such land is acquired for street purposes by eminent domain, the right to so improve the street is included in the compensation provided for such taking. Where the property owner has dedicated a portion of his property without compensation, he is presumed to have consented to such improvement of the dedicated portion for street purposes. While this court has held that an abutting-property owner is entitled to recover for damages arising from interference with light, air, and access caused by lawful improvement of a street in a manner which could not have been reasonably anticipated at the time of dedication of the street, the improvement here complained of is such that it could, and should, have been reasonably anticipated by the owners. Cummings v. City of Minot, 67 N.D. 214, 271 N.W. 421.

Thus, for the establishment of a grade line for the first time and for bringing such surface of the street to such grade line as originally established, there is no right of compensation. In other words, there is no liability on the part of the city for damages caused by bringing the street down to or up to the grade line as established for the first time, when such action could have been reasonably anticipated at the time of dedication of the street. Dillon on Municipal Corporations, 5th Ed., Vol. 4, Sec. 1684.

There can therefore be no recovery for consequential damages to the property of the plaintiffs growing out of the original establishment of the grade for the street. 63 C.J.S. Municipal Corporations § 1226, p. 968.

This court has held that, where private property is taken or damaged for public use without the legal exercise of the power of eminent domain, the aggrieved party may recover compensation for the property taken or for the damage inflicted. Schilling v. Carl Township, 60 N.D. 480, 235 N.W. 126; Mayer v. Studer & Manion Co., 66 N.D. 190, 262 N.W. 925.

While the alleged damage to the plaintiffs' property was committed without the legal exercise of the power of eminent domain, this property had been dedicated for street purposes, and, where a property owner has dedicated a portion of his property for street purposes, he is presumed to have consented to the improvement of the dedicated portion for such purposes. It is only when such improvement is so out of the ordinary that it could not have been reasonably anticipated at the time of the dedication of the street that the owner is entitled to damages caused by the improvement. In Cummings v. City of Minot, supra, this court held that the building of an overpass in front of the abutting property, and shutting off the light and access to the property in that way, could not have been reasonably anticipated by the property owner. In this case, however, the improvements were not such that they could not have been reasonably anticipated.

The judgment appealed from, in each of these cases, is reversed and the complaint is dismissed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.