STATE of North Dakota, Plaintiff and Appellee,

v.

Ernest and Corrine H. LIVINGSTON, Defendants and Appellants.

Civ. No. 9464.

Supreme Court of North Dakota.

Sept. 29, 1978.

Bosard, McCutcheon, Kerian, Schmidt & Holum, Ltd., Minot, for plaintiff and appellee; argued by Jon R. Kerian, Minot.

Kenneth M. Knutson and Joseph P. Stevens, Minot, for defendants and appellants.

PEDERSON, Justice.

This is an eminent domain action wherein the North Dakota State Highway Department took right-of-way for a portion of U.S. Highways 2 and 52 near Minot pursuant to the authorization of statute (Chap-

ters 24–01 and 32–15, NDCC) and the constitution (Section 14, North Dakota Constitution). The Livingstons appealed (§ 24–01–22.1, NDCC), entitling them to a judicial determination of just compensation. A jury trial was waived and, after a trial to the court, the Livingstons were awarded $99,470.00, plus interest, costs and attorney fees. The Livingstons appealed the judgment to this court where they challenge none of the findings of fact nor conclusions of law (Rule 52(a), NDRCivP), but argue that the court erred by:

(1) Failing to give proper weight to comparable sales;

(2) Failing to delay final argument; and

(3) Failing to find damages to the property not taken.

The amount of interest, costs and attorney fees is not at issue. We affirm the judgment.

■ As in all cases where there has been a trial upon the facts to the court without a jury, Rule 52(a), NDRCivP, is applicable in this case. The Livingstons make no claim that weighing evidence, determining the value of a parcel of land, or determining whether lands not taken are damaged by a taking are questions of law under the circumstances of this case.

■ Counsel for the Livingstons prepared proposed findings of fact and conclusions of law. The trial court adopted them as proposed. No effort was made to amend the findings as authorized by Rule 52(b), NDRCivP. Appropriately in this case there was no finding proposed or adopted as to the weight given to any of the testimony, including the comparable sales testimony. Determining weight to be given and the credibility of the testimony is a trial court, not an appellate court, function. We have repeatedly stated that the mere fact that we may have reached a different result does not justify substituting our judgment for that of the trier of the fact issues, e. g., *Kee v. Redlin*, 203 N.W.2d 423 (N.D.1973).

■ We have also held many times that, on appeals subject to Rule 52(a), we review the entire evidence to determine whether we are left with a definite and firm conviction that a mistake has been made in a determination of a fact issue. *In re Estate of Elmer*, 210 N.W.2d 815, 820 (N.D.1973). In this case the determination of each of the fact issues was supported by substantial testimony from qualified, expert appraisal witnesses. It is a settled rule in this state that an award in a condemnation case will be upheld if it is within the range of testimony of witnesses. See *Bigelow v. Draper*, 6 N.D. 152, 69 N.W. 570 (1896), and *Northern States Power Company v. Effertz*, 94 N.W.2d 288, 292 (N.D.1959).

■ Opinions as to just compensation were offered and received without objection. To a great extent all witnesses' opinions were reached after a consideration of the same comparable sales. As in most cases, the witnesses had widely different opinions as to just compensation—$360,000.00 to $72,250.00. The experts did not agree whether there were damages to the part not taken in excess of the benefits. The trial court found that the amount which would constitute just compensation was $99,470.00, and that the damages to the remainder were exceeded by the benefits thereto. This is not erroneous as a matter of law, nor are these clearly erroneous findings under Rule 52(a).

■ The only issue of law in this case involves the alleged error by the court in failing to delay the final argument. In *Fuhrman v. Fuhrman*, 254 N.W.2d 97, 101 (N.D.1977), we said that litigants have a right, in nonjury civil cases, to have their attorneys make a final argument—that it cannot be totally denied. In this case the testimony was concluded at five minutes to six after an all-day trial. The court invited the attorneys to make brief summations. Counsel for the Livingstons stated a preference to make a summation later. Counsel for the State gave a statement that, when transcribed, occupied eight lines in the transcript, whereupon Livingstons' counsel made a short argument. There was no action by the court to limit the argument other than the request that it be brief. The

argument was not totally denied nor unreasonably restricted. See, generally, *State v. Weippert*, 237 N.W.2d 1, 6 (N.D.1975). Under the circumstances, no error has been shown. The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.